IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOSEPH G. MARTIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-161-CDL-MSH |
| | : | Social Security Appeal |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

**Administrative Proceedings**

Plaintiff filed an application on December 4, 2009 seeking both disability insurance benefits and Supplemental Security Income as a result of disability he alleges began on January 1, 2000.  (Tr. 123-130.)   After the applications were denied both initially and on reconsideration, (Tr. 69-83) he requested a hearing before an administrative law judge (ALJ) on February 24, 2011.  In response to his request, a hearing was scheduled and his counsel was notified.  On December 9, 2011 an encrypted disc was also sent by the Office of Disability Adjudication and Review (ODAR) which had instructions for opening the disc and contact information for help. (Tr. 89-90).

On June 23, 2011 a hearing was held.  (Tr. 35-64.)  Plaintiff's counsel told the ALJ at the hearing that he had been unable to open the first disc and was sent at his request a second disc which he could not open either.  (Tr. 38-39.)  He further stated that he went online to review the file but that the system maintained by the Social Security Administration "doesn't work."  (Tr. 38.)  The ALJ then established on the record what portions of the Plaintiff's file his counsel had not seen.  The ALJ suggested that counsel should contact a supervisor in the ODAR and stated further that those portions of the record not seen by counsel would be exhibited for him at the end of the hearing.  (Tr. 39.) Counsel did not specifically object to conducting the hearing nor seek a continuance and the ALJ proceeded.  (Tr. 35-64.)

An "unfavorable" decision was issued July 22, 2011.  (Tr. 35-64.)  Plaintiff sought

review by the Appeals Council (AC) which denied review on November 30, 2012. (Tr. 1-6.) Having exhausted his administrative remedies, Plaintiff brings this action for judicial review under Sec. 205(g) and Sec. 1631(c)(3) of the Social Security Act.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 23.) The ALJ found that Plaintiff had severe impairments of chronic obstructive pulmonary disease (COPD), L-3 compression fracture, status post fracture of the fifth metacarpal, and difficulty using his right hand because the third, fourth, and fifth digits are permanently extended. (*Id.*) The ALJ then determined that Plaintiff's severe impairments did not meet or medically equal, either individually or in combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work except that he was limited to frequent balancing, handling, and fingering with his right upper extremity, occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, and no climbing of ladders, ropes, or scaffolds. (Tr. 25.) Plaintiff was further limited to no exposure to extreme heat or concentrated exposure to dust, fumes, gases, odors, or poor ventilation. (*Id.*) Based on his RFC and the medical evidence, the ALJ determined that Plaintiff was unable to perform his past relevant work. (Tr. 28.) The ALJ noted that Plaintiff was 41 at the time

of his original alleged onset date, which is considered to be a younger individual. (Tr. 28.) The ALJ then found that Plaintiff had at least a high school education and could communicate in English. (*Id*.) Considering his age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (*Id*.)

## DISCUSSION

In his brief, Plaintiff asserts that the ALJ erred by denying him the right to review the evidence in the record prior to and during the hearing. (Pl. Br. 3.) He relies on one case, *Cowart v. Schweiker,* 662 F.2d 731 (11th Cir. 1981), and one provision found in HALLEX at 1-2-528(C). No other authority is cited. He does not specifically argue a violation of his due process rights although the Commissioner of Social Security in his reply brief construes his argument as such and it is apparent to the Court, despite the very succinct manner in which he lays out his case, that his claim is grounded in his right to due process of law.

First, the Court rejects the claim that the ALJ "refused" him access to his file at the hearing as inconsistent with the transcript of the hearing in this case. (Pl.'s Br. 3.) The ALJ first put on the record that Plaintiff's counsel had been unable to open both the first disc as well as the second disc which he had requested. (Tr. 37, 38.) Next, the ALJ established which specific exhibits Plaintiff's counsel had not seen. Plaintiff's counsel stated "the biggest problem I have is I haven't been able to see the CE's." (Tr. 39.) (Consultative examinations are referred to as "CE's.") The ALJ explained that the disc

he had included information regarding all cases scheduled for that day and therefore he could not let Plaintiff's counsel have it. Counsel responded "yeah. I understand. I'm not saying it's your fault in the least (laughs) . . . their reach has exceeded their grasp with technology . . . ." (Tr. 39, 40.) He did not move for a continuance. The ALJ then referenced Exhibits 3F, 4F and 5F as being in the file as of June 20, 2011 and stated they would be made available post hearing. (Tr. 40.) No objection was made by counsel nor did he contend that there were other exhibits to which he needed access.

The issue is whether the ALJ violated Plaintiff's right to due process of law in the manner in which he addressed the contentions of Plaintiff's counsel that he had been unable to open either the first disc or the replacement disc and his contention that the online access available through the Social Security Administration does not function. The ALJ did nothing more than suggest how counsel might obtain the records he apparently could not access and stated that they would be available post hearing. Counsel did not object nor seek a continuance. The ALJ did not err in going forward with the hearing.

Assuming, however, that there was a violation of Plaintiff's due process rights, he must demonstrate prejudice. Remand because of a violation of due process requires that prejudice be shown. *Graham v. Apfel,* 129 F.3d 1420, 1423 (11th Cir. 1997). All medical evidence in the record here was submitted by Plaintiff except Exhibits 4F and 5F. The Commissioner correctly points out that although Exhibit 3F was included in the discussion between the ALJ and Plaintiff's counsel, (Tr. 39) it is not a consultative

examination, but rather medical records from a hospital with a release signed by Plaintiff indicating that he put them in the record. If prejudice is to be found, it must therefore be found in either Exhibit 4F or 5F.

The Court first turns to Exhibit 4F. This exhibit is the report of a consultative examination by Stephen Schacher, M.D. done on June 29, 2010. (Tr. 207-218.) It establishes that Plaintiff has COPD, right hand impairment and a lumbar fracture as a result of an automobile accident. Each of these medically determined conditions was found to be a severe impairment by the ALJ and included in the RFC assessment. The exhibit specifies no functional restrictions. The findings of Dr. Schacher were specifically considered by the ALJ and little weight was given to them because the doctor did not correlate his findings to specific work-related limitations. (Tr. 27.) No prejudice is found in Exhibit 4F.

Next, the Court looks to Exhibit 5F. This exhibit is a physical RFC assessment dated July 10, 2010 and is the opinion of a non-examining state agency physician. (Tr. 219-226.) A review of the exhibit shows that it is consistent with other evidence of record to which Plaintiff clearly had access based on his having submitted it. It suggests specific work related limitations including postural restrictions which are all included in the RFC with its additional restrictions as determined by the ALJ. No prejudice is found as to Exhibit 5F.

In seeking review of the ALJ's decision before the AC, Plaintiff had access to the entire record and could have made specific arguments regarding asserted errors with

8

references to the record, including Exhibit 4F and 5F.  In Exhibit 10E, his representative brief to the Office of Disability Adjudication dated January 3, 2012 he raises only the general argument in a manner virtually identical to the brief before the Court.  In neither the administrative process nor in this action does Plaintiff contest the issues in the five step sequential analysis, nor the content of the evidence, nor the weight afforded to it.  Remand is not warranted and would serve no purpose.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be remanded pursuant to sentence four.  Under 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 26th day of September, 2013.

<u>S/ STEPHEN HYLES</u>
UNTED STATES MAGISTRATE JUDGE